UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Case No. 07-cv-01586-MSK-KLM

| | |
|---|---|
| In re NATIONAL WESTERN LIFE INSURANCE DEFERRED ANNUITIES LITIGATION, | Case No. CV 05-1018-JM(LSP) (pending in Southern Dist. of California) |

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, plaintiffs have filed an action in the United States District Court, Southern District of California, Case No. CV 05-CV-1018-JM(JSP), entitled In re National Western Life Insurance Deferred Annuities Litigation (the "California Action").

WHEREAS, as part of discovery proceedings in the California Action, plaintiffs served a subpoena, issued from the United States District Court, District of Colorado (the "Court"), on non-party deponent Brokers Choice of America ("BCA") for the production of business records for use in the California Action.

WHEREAS, plaintiffs may seek additional discovery from BCA, such as the taking of testimony by oral deposition.

WHEREAS, in the course of responding to the subpoena or other discovery, BCA may be requested to produce information or documents that it contends contain confidential, proprietary and/or other information subject to confidential treatment under applicable law.

WHEREAS, the parties to the California Action, BCA and their respective counsel have agreed to keep confidential such information provided in discovery as set forth herein.

WHEREAS, Rule 26(c) and 45(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances; and,

LA/693521v1

-1-

WHEREAS, BCA is not required by this Stipulation or Order to produce any information or documents protected from discovery by applicable law.

NOW, THEREFORE, upon stipulation of the parties and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. This Stipulation and Order shall apply to all confidential documents, materials, and information produced by BCA, including without limitation, documents produced, deposition testimony, and other information disclosed by BCA, pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that BCA believes contains trade secrets or other proprietary, confidential research, development, technical, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(7)(hereinafter "CONFIDENTIAL INFORMATION").

2. As used in this Stipulation and Order, "documents" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it, or order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on the California Action;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in the California Action;

    (c) the parties,

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in the California Action;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily

LA/693521v1

incident to the conduct of this action;

(g) To a non-party deposition or trial witness who the parties or their counsel reasonably believe has relevant knowledge or information and to that non-party witness' counsel; and

(h) other persons by written agreement of the parties.

4. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters), counsel shall require such person to (a) execute an acknowledgement, in the form attached hereto as Exhibit "1," reciting that such person has read this Stipulation and Protective Order and promises to comply with its terms; and (b) to destroy or return to the attorney of record for BCA all copies, excerpts or summaries of the Confidential Information or any notes containing information derived therefrom, upon completion of review of such material by such person(s), or upon termination of this litigation, whichever occurs earlier. Proof of all signed acknowledgments shall be preserved by the counsel for the receiving party. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by BCA.

5. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except for preparation and trial of the aforementioned California Action.

6. Documents are designated as CONFIDENTIAL INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL INFORMATION and shall be subject to the provisions of this Stipulation and/or Protective Order. When designation has been made during the course of a deposition, the court reporter shall thereafter bind the transcript into separate portions containing the non-CONFIDENTIAL and CONFIDENTIAL INFORMATION and the reporter shall place the following legend on the cover of the portions of the transcript containing the CONFIDENTIAL INFORMATION:

> "THE CONTENTS OF THIS TRANSCRIPT, OR PORTIONS THEREOF, ARE CONFIDENTIAL AND ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF, ANY PART OF THIS TRANSCRIPT CONTAINING CONFIDENTIAL INFORMATION IS A VIOLATION OF COURT ORDER."

8.  BCA or any other party to the California Action may designate portions of depositions as CONFIDENTIAL INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.  A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL INFORMATION the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, the party wishing to challenge the designation may file a motion for an appropriate order with the Court. The burden of establishing confidentiality is on the party claiming the information is confidential. The CONFIDENTIAL INFORMATION shall be treated as confidential until the issue is resolved by agreement of the parties or order of the Court.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL INFORMATION shall be returned to BCA, or the parties may elect to destroy the documents. Where the parties agree to destroy said documents, the destroying party shall provide BCA and all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12. This Court shall have jurisdiction over any disputes regarding this Protective Order and over any alleged violation of the Protective Order by parties or non-parties as it relates to BCA's production of CONFIDENTIAL INFORMATION. The parties to the aforementioned

litigation pending in California acknowledge that BCA will have the right to enforce this Protective Order in the District of Colorado and they consent to jurisdiction in the event that BCA alleges a violation of this Stipulation/Protective Order.

DATED: June 20, 2007            SEDGWICK, DETERT, MORAN & ARNOLD LLP

                                By: _____
                                    LORI BLITSTIEN
                                    JOSHUA S. DAVIS
                                    Attorneys for Non-Party Deponent
                                    Brokers Choice of America, Inc.

DATED: June __, 2007            LERACH COUGHLIN STOIA GELLER RUDMAN
                                AND ROBBINS LLP


                                By: _____
                                    STEVE JODLOWSKI
                                    Attorneys for Plaintiff

DATED: June __, 2007            FULLBRIGHT & JAWORSKI LLP


                                By: _____
                                    ROBERT WILLIAM FISCHER, JR.
                                    Attorneys for Defendant National Western Life
                                    Insurance Company.


## ORDER

Good cause appearing therefor,

Having considered the above Stipulation of counsel for the parties, and good cause appearing therefore, this Stipulation shall become and hereby is an ORDER of this Court.

**IT IS SO ORDERED.**


Date: _____           _____
                               UNITED STATES DISTRICT JUDGE

BCA alleges a violation of this Stipulation/Protective Order.

DATED: June __, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:_____
LORI BLITSTIEN
JOSHUA S. DAVIS
Attorneys for Non-Party Deponent
Brokers Choice of America, Inc.

DATED: ~~June~~ July 2, 2007      LERACH COUGHLIN STOIA GELLER RUDMAN
                                   AND ROBBINS LLP

By:_____
STEVE JODLOWSKI
Attorneys for Plaintiff

DATED: June __, 2007          FULLBRIGHT & JAWORSKI LLP

By:_____
ROBERT WILLIAM FISCHER, JR.
Attorneys for Defendant National Western Life
Insurance Company.

## ORDER

Good cause appearing therefor,

Having considered the above Stipulation of counsel for the parties, and good cause appearing therefore, this Stipulation shall become and hereby is an ORDER of this Court.

**IT IS SO ORDERED.**

Date:                         _____
                              UNITED STATES DISTRICT JUDGE

-5-

BCA alleges a violation of this Stipulation/Protective Order.

DATED: June __, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:_____
LORI BLITSTIEN
JOSHUA S. DAVIS
Attorneys for Non-Party Deponent
Brokers Choice of America, Inc.

DATED: June __, 2007        LERACH COUGHLIN STOIA GELLER RUDMAN
AND ROBBINS LLP

By:_____
STEVE JODLOWSKI
Attorneys for Plaintiff

DATED: July 3, 2007         FULLBRIGHT & JAWORSKI LLP

By:_____
ROBERT WILLIAM FISCHER, JR.
Attorneys for Defendant National Western Life
Insurance Company.

## ORDER

KLM ~~Good cause appearing therefor,~~

Having considered the above Stipulation of counsel for the parties, and good cause appearing therefore, this Stipulation shall become and hereby is an ORDER of this Court.

**IT IS SO ORDERED.**

Date: 08/24/2007

_____
UNITED STATES ~~DISTRICT JUDGE~~
MAGISTRATE JUDGE
KRISTEN L. MIX

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NUMBER: CV 05-1018-JM (LSP)
Pending in the United States District
Court for the Southern District of California

07 - CV - 01586 msk- KLM

In re National Western Life Insurance
Deferred Annuities Litigation

## ORDER FOR ENTRY OF PROTECTIVE ORDER

THIS COURT, having reviewed the Unopposed Motion For Entry of Protective Order and the Confidentiality Stipulation and Proposed Protective Order hereby ORDERS THAT:

The Confidentiality Stipulation and Proposed Protective Order is made an Order of this Court.

Dated this 24th day of August, 2007.

BY THE COURT:

_[signature]_

1